FILED
3/15/24 3:46 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 23-20004-GLT |
| | Chapter 13 |
| **SUZANNE N. STRICKLER**, | |
| *Debtor.* | Related to Dkt. No. 124, 135 |

| | |
|---|---|
| Michael S. Geisler, Esq.<br>Pittsburgh, PA<br>*Attorney for the Debtor* | Ronda J. Winnecour, Esq.<br>Office of the Chapter 13 Trustee<br>Pittsburgh, PA<br>*Chapter 13 trustee* |

## MEMORANDUM OPINION

Having previously found that debtor Suzanne N. Strickler used serial filings to hinder or delay her creditors,[1] the Court dismissed her case upon a subsequent payment default and imposed a 90-day filing bar.[2]  She now seeks a stay pending appeal, asserting that the order is infirm because "[t]here was no factual determination of bad faith prior to the dismissal."[3]  Ronda J. Winnecour, the chapter 13 trustee ("Trustee"), disagrees but does not oppose a stay conditioned on adequate protection payments for all creditors.[4]  Because the Court's reasoning is apparent from the record, it will deny the *Debtor's Motion for Stay Pending Appeal* ("Motion for Stay").

**I.    BACKGROUND**

The material facts are not in dispute.  The present case, filed in January 2023, was the Debtor's third attempt at chapter 13 since January 2020.  Her first case lasted 20 months and

---

[1] See *Order*, Dkt. No. 71.

[2] *Order Dismissing Case with Prejudice and Terminating Wage Attachment*, Dkt. No. 114.

[3] *Debtor's Motion for Stay Pending Appeal*, Dkt. No. 124 at ¶ 14.

[4] *Chapter 13 Trustee's Response to Debtor's Motion for Stay Pending Appeal*, Dkt. No. 135 at ¶¶ 1-2.

was dismissed based on a plan default of $16,300, representing roughly six monthly payments.[5] The second case was dismissed after the Debtor failed to make any payments over seven months.[6]

This case was inauspicious from the start. Although the Debtor's chapter 13 plan contemplated monthly payments far in excess of the case filing fee,[7] she nonetheless asked to pay the fee in installments.[8] Both UMB Bank, N.A., the Debtor's mortgagee, and Santander Consumer USA Inc. ("Santander"), the holder of a security interest in her vehicle, promptly objected to confirmation.[9] And while no one objected to an extension of the automatic stay,[10] UMB Bank filed a motion seeking *in rem* stay relief as to her residence about a month later.[11]

Shortly before the hearing on UMB Bank's motion, the case was dismissed because the final installment of the filing fee was unpaid.[12] Days later, the Debtor remitted payment and moved for reconsideration,[13] which UMB Bank opposed.[14] At a hearing on both motions, the Trustee reported that the Debtor had yet to submit a plan payment in the three months the case had been pending.[15] The Court concluded that her payment history "show[ed] these cases [we]re being

---

[5]  See *Chapter 13 Trustee's Response to Debtor's Motion for Stay Pending Appeal*, Dkt. No. 135 at ¶ 5; see also Case No. 20-20038-GLT.

[6]  See *Chapter 13 Trustee's Response to Debtor's Motion for Stay Pending Appeal*, Dkt. No. 135 at ¶ 6.

[7]  See *Chapter 13 Plan Dated 1/29/2023*, Dkt. No. 25.

[8]  *Application for Individuals to Pay the Filing Fee in Installments*, Dkt. No. 3.

[9]  See *Objections of UMB Bank, National Association, Not in its Individual Capacity, But Solely as Legal Title Trustee of LVS Title Trust XIII to Confimation [sic] of Debtors' Proposed Chapter 13 Plan*, Dkt. No. 39; *Objection to Confirmation*, Dkt. No. 49.

[10]  See *Order of Court*, Dkt. No. 22 (entered by the Hon. Jeffery A. Deller).

[11]  See *Motion of UMB Bank, National Association, Not in its Individual Capacity, But Solely as Legal Title Trustee Of LVS Title Trust XIII For In-Rem Relief From The Automatic Stay and Co-Debtor Under Section § 362 (d)(4)*, Dkt. No. 44.

[12]  See *Order*, Dkt. No. 62.

[13]  *Debtor's Motion to Reconsider Dismissal*. Dkt. No. 65.

[14]  *Response Of UMB Bank, National Association, Not in its Individual Capacity, But Solely as Legal Title Trustee of LVS Title Trust XIII To Debtors' Motion To Reconsider Dismissal*, Dkt. No. 68.

[15]  See *Order*, Dkt. No. 71 at 1.

2

used in a manner to hinder or delay [UMB Bank]'s collection efforts against the subject property."[16] Still, to "afford the Debtor one final opportunity," the Court reinstated her case and conditioned a stay of *in rem* relief in favor of UMB Bank on timely plan payments.[17]

The Debtor then entered the Court's Loss Mitigation Program seeking to modify UMB Bank's mortgage.[18] Unbeknownst to the Court, the Debtor unreasonably delayed the process by failing to complete the necessary documents for several months despite the express participation requirements and representations of her counsel.[19] No explanation was ever given.[20] In any event, when UMB Bank eventually offered a loan modification that would have brought the loan current, it was declined.[21]

Following the termination of loss mitigation, UMB Bank filed an affidavit of non-compliance indicating that the Debtor's plan was $7,740 in arrears for July through October 2023.[22] Apparently, she made only two partial payments in May and June 2023.[23] The Debtor did not deny the default or otherwise respond to the affidavit, so an order unconditionally granting UMB Bank *in rem* stay relief entered.[24]

---

[16]   *Order*, Dkt. No. 71 at 1-2.

[17]   Id. at 2.

[18]   See *Loss Mitigation Order*, Dkt. No. 74.

[19]   See *Response to Order to Show Cause*, Dkt. No. 107 at ¶¶ 5-6; see also W.PA.LBR 9020-2(b); *Exhibit A*, Dkt. No. 60-1 at ¶ 2.

[20]   See *Response to Order to Show Cause*, Dkt. No. 107; *Order of Court Issuing Sanctions*, Dkt. No. 109.

[21]   *Response to Order to Show Cause*, Dkt. No. 107 at ¶¶ 7-8. Reportedly, the Debtor's co-debtor ex-husband refused to agree to the modification.

[22]   *Affidavit of Non-Compliance*, Dkt. No. 99 at ¶ 1.

[23]   See *Chapter 13 Trustee's Response to Debtor's Motion for Stay Pending Appeal*, Dkt. No. 135 at ¶ 7.

[24]   *Order*, Dkt. No. 101.

By January 2024, the Debtor's plan default grew to $9,605, prompting the Trustee to request dismissal.[25] Notably, the proposed order attached to the certificate of default contemplated the possibility of a dismissal with prejudice.[26] The Court entered an order requiring the Debtor to either propose a means to cure her default or amend her plan by February 12, 2024.[27] After she failed to respond or take any remedial action, the Court dismissed the case and imposed a 90-day filing bar given her anemic payment history spanning several cases.[28] Admittedly, the Court did not enter written findings of bad faith at that time.

On February 29, 2024, 17 days after the deadline to do so, the Debtor filed an amended plan and a *Motion to Reconsider Dismissal*.[29] She did not suggest the Court erred but simply asserted that she had since paid the Trustee $1,921 and could now complete a plan paying all creditors in full.[30] Viewing the *Motion to Reconsider Dismissal* as "a day late and a dollar short," the Court denied it.[31] The Debtor appealed.[32]

Fearing Santander would repossess her vehicle in the absence of the automatic stay, the Debtor filed the *Motion for Stay*.[33] She argued that repossession would inflict an irreparable harm, whereas the prejudice to Santander could be mitigated with monthly adequate protection

---

[25] *Trustee's Certificate of Default Requesting Dismissal of Case*, Dkt. No. 112 at ¶ 3.

[26] See id. at 2.

[27] See *Order Directing Further Action in Response to Chapter 13 Trustee's Certificate of Default Requesting Dismissal*, Dkt. No. 113.

[28] See *Order Dismissing Case with Prejudice and Terminating Wage Attachment*, Dkt. No. 114.

[29] See *Notice of Proposed Modification to Plan Dated 5/23/2023*, Dkt. No. 116; *Debtor's Motion to Reconsider Dismissal*, Dkt. No. 117.

[30] *Debtor's Motion to Reconsider Dismissal*, Dkt. No. 117 at ¶¶ 4-5.

[31] See *Order of Court*, Dkt. No. 118.

[32] *Notice of Appeal*, Dkt. No. 119.

[33] *Debtor's Motion for Stay Pending Appeal*, Dkt. No. 124 at ¶¶ 10-11.

4

payments in addition to the $2,999 she allegedly paid post-dismissal.[34] The Debtor further contended that "[t]here is a strong likelihood of success on appeal on the merits" because "[t]here was no factual determination of bad faith prior to the dismissal."[35]

In response, the Trustee observed that the Debtor's undisputed history of payment defaults was a sufficient basis for a dismissal with prejudice regardless of whether the Court issued express findings.[36] She also rejected the Debtor's assertion that "the possibility that the vehicle *may* be repossessed" alone demonstrates an irreparable injury.[37] That said, the Trustee did not oppose a stay conditioned on adequate protection payments for all creditors, not just Santander.[38] She argued that "[a]n unconditional stay effectively gives the Debtor all the benefits of the bankruptcy without imposing any of her obligations as a Chapter 13 debtor."[39]

During the hearing on the *Motion for Stay*, the Debtor conceded that she had no defense to the asserted payment defaults and that the case "deserved to be dismissed."[40] In fact, she could not explain why the payments were not made despite contending that she could do so now or make adequate protection payments to obtain a stay.[41] Ironically, she also acknowledged this same conduct (i.e., not paying Santander for approximately 14 months) created the threat of irreparable harm she sought to avoid.[42] As to the appeal's merit, the Debtor reiterated that the

---

[34] Id. at ¶¶ 7, 12-13, 15-16.

[35] Id. at ¶ 14, 19.

[36] *Chapter 13 Trustee's Response to Debtor's Motion for Stay Pending Appeal*, Dkt. No. 135 at ¶¶ 14-20.

[37] Id. at ¶ 21 (emphasis in original).

[38] Id. at ¶¶ 1-2.

[39] Id. at ¶ 22.

[40] *Audio Recording of March 13, 2024 Hearing* at 12:06:22-12:08:11 p.m.

[41] Id. at 12:09:59-12:10:06 p.m.

[42] Id. at 12:09:06-12:09:18 p.m.

5

filing bar was unsupported by findings, but later admitted the Court's earlier conclusions regarding her serial filings could control.[43]

## II. DISCUSSION

Federal Rule of Bankruptcy Procedure 8007(a)(1) requires that a request for stay pending appeal be made in the bankruptcy court in the first instance.[44] To determine whether to grant a stay pending appeal, a court must balance the following four factors based on a consideration of their relative weight:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[45]

A strong showing of a likelihood of success on the merits is "arguably" the most important factor[46] because "jurisdiction exists only to remedy legal wrongs" regardless of whether the absence of a stay would spell "disaster" for the movant.[47] Without one, the court need not engage in a balancing of the equities.[48] In the Third Circuit, "a sufficient degree of success for a strong showing exists if there is 'a reasonable chance, or probability, of winning.'"[49] Put differently, the likelihood of

---

[43] Id. at 12:00:05-12:12:56 p.m.

[44] Fed. R. Bankr. P. 8007(a)(1).

[45] In re Revel AC, Inc., 802 F.3d 558, 568 (3d Cir. 2015) (quoting Hilton v. Braunskill, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)) (internal quotation marks omitted). The factors are the same as those considered on an application for a preliminary injunction. Id.

[46] In re Revel AC, Inc., 802 F.3d at 568.

[47] Roland Mach. Co. v. Dresser Indus., 749 F.2d 380, 387 (7th Cir.1984).

[48] See In re Revel AC, Inc., 802 F.3d at 569; Scott v. U.S. Bank, N.A. (In re Scott), 605 B.R. 372, 377 (Bankr. W.D. Pa. 2019) (citing Nken v. Holder, 556 U.S. 418, 434, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009)).

[49] In re Revel AC, Inc., 802 F.3d at 568–69 (quoting Singer Mgmt.Consultants, Inc. v. Milgram, 650 F.3d 223, 229 (3d Cir.2011)).

winning on appeal must be significantly "better than negligible,"[50] but not necessarily "more likely than not."[51]

Frankly, there is no likelihood that the Debtor will prevail in her appeal. A bankruptcy court may dismiss a case with prejudice to the filing of a subsequent petition for "cause."[52] "Cause" includes a lack of good faith,[53] which may be demonstrated by a record of abusive serial filings.[54] On appeal, factual findings are reviewed for clear error while the imposition of a filing bar is reviewed for abuse of discretion.[55] A bankruptcy court abuses its discretion when its ruling rests upon an error of law or a misapplication of law to the facts.[56] In other words, "[a] court may not issue orders that are 'arbitrary or irrational.'"[57]

The Debtor's assertion that "[t]here was no factual determination of bad faith prior to the dismissal" is incorrect.[58] The Court merely did not memorialize its rationale given the clarity of the undisputed record.[59] As the Debtor grudgingly admits, the Court already found that her payment history established that she used serial bankruptcy filings to hinder or delay her

---

[50] Nken v. Holder, 556 U.S. at 434.

[51] Singer Mgmt.Consultants, Inc. v. Milgram, 650 F.3d at 229.

[52] 11 U.S.C. § 349(a).

[53] See In re Reppert, 643 B.R. 828, 847 (Bankr. W.D. Pa. 2022); In re Stone Fox Cap. LLC, 572 B.R. 582, 591 (Bankr. W.D. Pa. 2017).

[54] See In re Snyder, 292 F. App'x 191, 193 (3d Cir. 2008); Community Bank v. Mazzei (In re Mazzei), No. BR 22-20395-JAD, 2023 WL 6471079, at *15 (Bankr. W.D. Pa. Oct. 4, 2023); U.S. v. Olayer (In re Olayer), 577 B.R. 464, 469 (Bankr. W.D. Pa. 2017); In re Thompson, 557 B.R. 856, 857 (Bankr. W.D. Pa. 2016); Rushmore Loan Mgmt. Servs., LLC v. Kohar (In re Kohar), 525 B.R. 248, 258 (Bankr. W.D. Pa. 2015); In re LeGree, 285 B.R. 615 (Bankr. E.D. Pa. 2002).

[55] In re Ross, 858 F.3d 779, 783 (3d Cir. 2017).

[56] Manus Corp. v. NRG Energy, Inc. (In re O'Brien Env't Energy, Inc.), 188 F.3d 116, 122 (3d Cir. 1999).

[57] In re Ross, 858 F.3d at 786.

[58] *Debtor's Motion for Stay Pending Appeal*, Dkt. No. 124 at ¶ 14.

[59] A discretionary ruling unaccompanied by reasoning is entitled to less deference on appeal, but the district court may affirm for any reason supported by the record. In re Ross, 858 F.3d at 786 (citing Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011)).

7

creditors.[60]  Considering that her plan performance worsened after that ruling—remitting only one and a half payments in twelve months—the record obviously supported a filing bar to prevent further abuse.[61]  Indeed, the Court notes that the Debtor did not express confusion or challenge the filing bar as unfounded on reconsideration.[62]

Ultimately, even if the lack of express findings was problematic, the Court's reasoning is now manifest.  As such, the district court is unlikely to reverse on this record, rendering a stay pending appeal unwarranted.

### III.    CONCLUSION

In light of the foregoing, the *Motion for Stay* is denied.  This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052.  The Court will issue a separate order consistent with this opinion.

ENTERED at Pittsburgh, Pennsylvania.

Dated: March 15, 2024

GREGORY L. TADDONIO
CHIEF UNITED STATES BANKRUPTCY JUDGE

Case administrator to mail to:
Debtor

---

[60]  *Order*, Dkt. No. 71 at 1-2.

[61]  Even without a filing bar, her payment history and serial filings would raise the specter of bad faith in a new case, potentially providing cause to dismiss or grant stay relief.

[62]  For this reason, the Court suspects the Debtor and her counsel understood why her case was dismissed with prejudice.